## AARON DAVIS vs. JOHN MOORE.

The acceptance and receipt by the vendee of a part of a quantity of goods sold by parol contract, exceeding thirty dollars in value, takes such contract out of the statute of frauds, although no payment was made at the time.

And such sale is valid, although no part of the goods were taken by the vendee until a few hours after the sale.

Where the plaintiff, in the forenoon of a certain day, by parol contract, sold to the defendant a quantity of logs in one lot, then lying together at the distance of a mile, for a sum exceeding thirty dollars; and the defendant in the afternoon of the same day sent and took and converted to his own use a part of the logs; but no payment was made at the time, and no other delivery of the logs took place; it was held, that the plaintiff was entitled to recover the value of the whole of the logs, notwithstanding the statute of frauds.

THIS was an action of *assumpsit* on account annexed to the writ, in which the plaintiff charged the defendant with a quantity

of mill logs. The plaintiff offered evidence tending to prove that in *April* or *May*, 1834, he, through his agent, *John Barber, jr.*, contracted to sell and did sell to the defendant the mill logs as charged at 10s 6d per M. estimated according to the survey of one *Keating*, making 188 M ; that the bargain was made at a place about one mile distant from where the logs were deposited, and in the forenoon, and that the defendant at the time of the bargain employed said *Barber* to haul out a portion of the logs from the river, where they then lay, on to the brow of the defendant's mill, which the said *Barber* did in the afternoon of the same day.

The defendant sawed and used about 50 M. only of said logs and left the remainder where they were at the time of the contract and refused to pay therefor.

The defendant's counsel requested *Parris J.* who presided at the trial, to instruct the jury, that if they should find that *Barber* did make an agreement with the defendant to sell him the whole quantity of logs at 10s 6d per M. estimated according to the survey of one *Keating*, making 188 M. as he testified, that still, if there was at the time and place of making the same, no money paid and no memorandum in writing of said agreement, and no delivery of the logs at the time, or any part thereof, said place of agreement being a mile distant from said logs; that in such case the said agreement would be void by the statute of frauds, and no action could be maintained upon it, notwithstanding a portion of the logs might have been afterwards and on the same day delivered by *Barber* and received by the defendant.

But the Judge charged the jury, that if they found, that the defendant purchased all the logs charged in the plaintiff's account, and that the logs were all deposited at the same place, and that the defendant, at the time of the purchase employed *Barber* to haul them out, and he actually did haul out a portion of them on the same day in which the bargain was made, and as soon thereafter as could be conveniently done, and that they were received and used by the defendant under the contract, that this was such a delivery and acceptance as the law required, and that the defendant would be chargeable for the whole quantity sold.

---

Davis *v.* Moore.

If the instructions were wrong, the verdict, which was for the plaintiff, is to be set aside and a new trial granted.

*F. Allen,* for the defendant.

The instruction requested by the counsel of the defendant should have been given, and that actually given was erroneous.

The value of the logs was more than thirty dollars. There was no contract in writing, nothing was paid, and there was no delivery. The *statute of frauds, ch.* 53, § 3, of the revised statutes, is a sufficient answer to the plaintiff's claim.

The case finds, that the supposed contract was made in the forenoon, a mile distant from the logs, and that a portion of them were hauled in the afternoon ; and it is said, that this was an acceptance of the whole by the defendant ; and that a part was received for the whole. The effect of such rule of law would be, that if a man had a whole cargo of goods, and sold one article, which was afterwards taken away, that he might charge and recover for the whole cargo. So in this case, if the charge of the Judge was right, then the plaintiff might sell a single log, and the defendant might take it away, and then the plaintiff might obtain a witness to prove a contract, and charge the whole thousand. But it was such evidence which the statute was designed to guard against. Hence the title of the act, " an act to prevent frauds and perjury." The plaintiff should at least have furnished proof, that the defendant agreed to accept a part for the whole, before the instructions given would have been authorised.

*J. Williamson,* for the plaintiff.

1. If any of the property sold be delivered within a reasonable time it is sufficient. *Damon* v. *Osborn,* 1 *Pick.* 476; 1 *Dane,* 652 ; 2 *Selw. N. P.* 871, and *note.*

2. If such agreement be executed in part, the parties are not permitted to treat it as a nullity ; and acceptance within a reasonable time is sufficient. *Davenport* v. *Mason,* 15 *Mass. R.* 92; 2 *Stark. Ev.* 610 ; *Ricker* v. *Kelly,* 1 *Greenl.* 117 ; *Gale* v. *Nixon,* 6 *Cowen,* 445.

3. Nor is it necessary, that the property should be delivered at the very time of the sale. *Vincent* v. *Germond,* 11 *Johns. R.* 283; *Holbrook* v. *Armstrong,* 1 *Fairf.* 31.

4. Actual delivery, in the popular sense of the word, is not in all cases requisite, but a virtual or symbolical delivery in some cases is equally effectual. *Bailey* v. *Ogden*, 3 *Johns. R.* 399; *Parsons* v. *Dickinson*, 11 *Pick.* 352.

The opinion of the Court, after a continuance, was delivered by

Weston C. J. — The logs, which were the subject matter of the contract, were not capable of a manual delivery. The quantity had been estimated by one *Keating*; and they were agreed to be sold by that estimate. The plaintiff then had nothing more to do; and they remained subject to the disposition of the defendant. He thereupon forthwith agreed with the agent of the plaintiff, to haul a portion of the logs to his mill, they being at the distance of a mile; and this was done in the afternoon of the same day, and as the jury have found, as soon as it could be conveniently accomplished. We entertain no doubt, that this was such a delivery and acceptance of part of what was sold, as takes the case out of the statute of frauds. The actual delivery of part was made by the agent of the plaintiff; and the defendant employed the same agent to haul them to the brow of his mill. The case before us is so plain and direct a compliance with the statute, that we do not perceive the least room for doubt or hesitation. The defendant had no right to take a single log, except upon the basis of the contract, which was entire; and having taken part, he is bound as a purchaser of the whole. The authorities cited for the plaintiff, fully sustain the ground taken by him.

It has been insisted, that this construction may leave a purchaser, who buys and receives a single article, liable to be charged as the purchaser of more, if the vendor can bring perjured witnesses to say that it was delivered as part of the greater number purchased. Parties are exposed to the commission of perjury, in relation to all facts depending on human testimony. If the sanctions of an oath, and a severe cross examination prove an insufficient security, the party liable to suffer must seek protection in the congruity and consistency of truth, and the extreme difficulty of making falsehood accord with the context of circumstances. The statute of frauds has interposed some salutary safeguards.

If they are not sufficiently enlarged, the legislature alone has power to extend its provisions.

*Judgment on the verdict.*